UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE E. SZTUKOWSKI, | Civil Action |
| Plaintiff, | 08 CV 5817 BSJ |
| v. | COMPLAINT |
| TUI AG, TUI TRAVEL PLC, TUI GROUP INTERNATIONAL CO. LTD., GROUP VOYAGERS, INC., GLOBUS, RANGERS SAFARIS LTD, UPTOWN TRAVEL, | JURY TRIAL DEMAND |
| | ECF CASE |
| Defendants. | |

Plaintiff Janice E. Sztukowski (Plaintiff), by her attorneys, for her Complaint against defendants, TUI AG, TUI Travel PLC, TUI Group International Co. LTD., Group Voyagers, Inc., GLOBUS, Rangers Safari Ltd. and Uptown Travel, alleges:

1. This is a civil action for damages suffered by Plaintiff as a result of her being injured in a motor vehicle owned, operated and maintained by Rangers Safari Ltd., during an escorted Tanzanian vacation.

PARTIES

2. Plaintiff is a citizen of and resident of the State of Michigan, residing in Mecosta, Michigan.

3. At all times herein mentioned, TUI Group International Co. LTD., was and is a part of TUI AG group, a foreign tourism conglomerate and TUI Travel PLC, an international travel group and is a corporation doing business in the State of New York. On or about March 2007, TUI AG group's tourism division became TUI Travel PLC. TUI AG

owns 51% of TUI Travel PLC. TUI Travel PLC is doing business in the State if New York and North America as a subsidiary of TUI AG.

4. At all time herein mentioned, Group Voyagers, Inc. was and is a Colorado corporation, that markets and sells tours, tour packages and escorted vacations, and is doing business in the State of New York.

5. At all times herein mentioned, Group Voyagers, Inc., was and is a Colorado corporation, doing business as GLOBUS, and is doing business in the State of New York. GLOBUS markets and sells tours, tour packages and escorted vacations.

6. At all time herein mentioned, Rangers Safaris Ltd., is an incorporated company registered in Tanzania, and is a subsidiary of the TUI AG group and TUI Travel PLC, doing business as TUI Group International LTD in the State of New York.

7. At all time herein mentioned, Uptown Travel, was and is a travel agency with its principal place of business at 2929 S. Isabella Road, Mount Pleasant, Michigan. Uptown Travel is an authorized Group Voyagers, Inc., d.b.a. GLOBUS travel agency and markets and sells GLOBUS tours, tour packages and escorted vacations.

JURISDICTION & VENUE

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount in controversy exceeds seventy five thousand dollars ($75,000.00) and Plaintiff is a citizen of a State which is different from the State where defendants are incorporated and have their principal place of business.

9. Venue arises in this district under 28 U.S.C. § 1391 (a) and (c).

## FACTUAL BACKGROUND

10. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-9 of the Complaint as if they were set forth here in full.

11. On or about January 30, 2007, Plaintiff contracted with defendant Uptown Travel for an escorted Tanzanian vacation beginning on June 23, 2007.

12. On or about January 31, 2007, defendant Uptown Travel confirmed in writing Plaintiff's escorted Tanzanian vacation reservation with GLOBUS. Said writing identified GLOBUS as the provider of the escorted vacation and included a GLOBUS reservation number.

13. On or about March 20, 2007, defendants Uptown Travel and GLOBUS provided Plaintiff with a written travel itinerary.

14. Upon information and belief, between January 30, 2007 and June 23, 2007, defendant GLOBUS contracted with Rangers Safaris Ltd to provide Plaintiff with vehicle transportation as part of her escorted vacation within the United Republic of Tanzania.

15. On June 23, 2007, on arrival in Tanzania, Plaintiff met with defendant Ranger Safaris representative and was assigned a vehicle, driver and seat as part of her escorted vacation.

16. On entry into her designated vehicle, Plaintiff determined that the seat to which she had been assigned did not have an operable seatbelt. Plaintiff voiced a complaint to the defendant Ranger Safaris driver and tour guide who moved Plaintiff to a new seat. This seat did not have an operable seat belt as well.

17. Notwithstanding that Plaintiff complained that her seat and vehicle did not

have working seatbelts, defendant Ranger Safaris did not provide Plaintiff with a vehicle or seat that did.

18.  On June 27, 2007, Plaintiff was seated in her assigned seat within her assigned vehicle as the vehicle continued its journey. Plaintiff was not wearing a seatbelt as her seatbelt was inoperable.

19.  On June 27, 2007, the driver of Plaintiffs vehicle was travelling at an unsafe speed for the conditions and failed to see an obstruction within the body of the road. His failure to due so caused the vehicle's left rear tire to strike the obstruction and suffer a traumatic flat tire (blow out).

20.  Immediately after the vehicle suffered the tire blow out, it hit a depression or rut which caused Plaintiff to be catapulted within the interior of the vehicle striking the interior and seats.

21.  As a result of being catapulted within the interior of the defendant Ranger Safaris vehicle, Plaintiff suffered physical and psychological injuries including but not limited to severe back injuries: to wit a T12 burst fracture.

22.  Defendants and each of them owed a duty of care to Plaintiff to insure that her escorted Tanzanian vacation would be reasonably safe.

23.  It was reasonably foreseeable to defendants and each of them that the failure to provide operable seatbelts within the vehicle would present a hazard and danger to Plaintiff.

24.  Defendants and each of them knew or should have known that the failure to provide an operable seatbelt to Plaintiff presented a hazardous and dangerous condition to her and other passengers within the vehicle.

25. At all times, the person or persons who inspected, maintained and operated the defendant Safari Rangers vehicle were acting in the course and scope of their employment or were independent contractors who were retained on defendants and each of them behalf.

26. Plaintiff's injuries were substantially caused by defendants and each of them breach of their duty to her.

27. As the proximate cause and result of defendants and each of them's negligence Plaintiff was injured.

28. As a result of the negligence of defendants and each of them, Plaintiff has suffered serious, permanent and painful injuries, past, present and future medical expenses, loss of enjoyment of life, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against defendants and each of them as to the following:

1. Compensation for physical and psychological injuries;

2. Medical and other related expenses; and

3. Reasonable attorneys' fees, costs, and such other and further relief as may be deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury.

Dated:  Larchmont, New York
       June 26, 2008

                                    RICHARD J. O'KEEFFE, LLC


                        By _____
                            Richard J. O'Keeffe (ROK, 6316)
                            2005 Palmer Ave. PMB 308
                            Larchmont, New York 10538
                            Telephone: 914-948-5300
                            Facsimile: 914-948-5399


                            LAW OFFICE OF JOHN H. HOWARD
                            John H. Howard, S/B # 91027
                            3585 Maple Street, Suite 220
                            Ventura, CA 93003
                            Telephone: 805-644-5849
                             Facsimile: 805-644-6482

                             Attorneys for Plaintiff
                             Janice E. Sztukowski